IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KEITH EDWARD HOSKINS**                                                   **PLAINTIFF**

**V.**                                                      **CIVIL CAUSE NO. 3:22-CV-107-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION**           **DEFENDANT**

**FINAL JUDGMENT**

Plaintiff Keith Edward Hoskins filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 13. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

**FACTS**

The plaintiff filed for benefits on May 8, 2018, alleging onset of disability commencing on August 17, 2010. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on January 23, 2020. On October 26, 2020, the Appeals Council vacated the ALJ's decision and remanded the case for a new hearing and decision. After an administrative hearing, the ALJ again issued an unfavorable decision on July 22, 2022. The Appeals Counsel reviewed the ALJ's decision and found the plaintiff was not disabled on April 7, 2022. This timely appeal followed.

The ALJ determined the claimant had the following severe impairments: spine disorder, dysfunction of a major joint (left shoulder), pancreatitis, seizure disorder, and alcohol use

disorder. The ALJ found he retained the residual functional capacity (RFC) to perform a reduced range of light work: he could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he could never climb ladders, ropes, or scaffolds, work at unprotected heights, or with hazardous machinery.

While the plaintiff does not have past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as garment sorter, information clerk, and mail clerk. These three jobs represent 229,000, 997,000, and 119,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff raised three issues on appeal, two of which were conceded at oral argument. The plaintiff acknowledged that the ALJ did not err in failing to order a consultative examination or in evaluating Dr. Patel's opinions in conjunction with the plaintiff's MRI reports. The remaining issue raised by the plaintiff concerns the Appeals Council's decision not to apply the higher age category and thus to affirm the ALJ's determination that the plaintiff is not disabled.

Under 20 C.F.R. § 416.963(b), a borderline age analysis must be performed when an individual is "within a few days to a few months of reaching an older age category … [that] would result in a determination or decision that [he is] disabled." The Agency must "consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. § 416.963(b).

As explained in the Appeals Council's decision, the plaintiff was an individual "closely approaching advanced age" during the period at issue. Five-and-a-half months after the ALJ issued her determination, the plaintiff attained age 55, thereby changing age categories to an

individual of "advanced age." The Appeals Council acknowledged the borderline situation created by the plaintiff's age change as well as its impact – given the plaintiff's RFC, an individual of "advanced age" would have been found disabled as of the date of adjudication. In evaluating whether to apply the older age category, the Appeals Council found "the overall impact of all the factors on the claimant's ability to adjust to other work" did not support the non-mechanical application of the higher age category. After a thorough discussion of these factors, the Appeals Council found the plaintiff not disabled.

While the court is sympathetic to the plaintiff's argument, there is no evidence that the Appeals Council committed reversible legal error in its analysis of whether to apply a higher age category. The plaintiff did not contend the Appeals Council erred in its analysis, but rather simply that it *should* have applied the advanced age category given the proximity between the date of adjudication and the plaintiff attaining advanced age. Despite the close time period, the Appeals Council properly addressed and analyzed the plaintiff's borderline age status, considering the relevant vocational factors.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 7th day of February, 2023.

                                                /s/ David A. Sanders  
                                                **UNITED STATES MAGISTRATE JUDGE**